**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-20700 CMA**
**(Civil Action)**
**District Judge Altonaga**
**Magistrate Judge Reid**

**MATERIAL AVIATION**
**TECHNOLOGIE NAVIGATION,**

      **Plaintiff,**

**v.**

**DEMOCRATIC REPUBLIC OF THE**
**CONGO**

      **Defendant.**

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 44)**

On January 20, 2026, Material Aviation Technologie Navigation ("Plaintiff") filed a Notice

of Supplemental Authority (ECF No. 44) (the "Notice"). Defendant Democratic Republic of the

Congo ("Defendant Congo") responds as follows.

## I. PLAINTIFF'S NOTICE MISCHARACTERIZES THE RECORD

Plaintiff's Notice suggests that Plaintiff argued the timeliness of Defendant Congo's Rule

60(b)(4) challenge and that Defendant Congo responded by asserting that Rule 60(b)(4) is not

subject to any timeliness limitation. That is not what the parties briefed.

Plaintiff's opposition framed its timeliness point as directed to Rule 60(b)(1) (and related

subsections) and did not contend that Rule 60(b)(4) relief is barred as untimely. The headings and

1

text in Plaintiff's opposition make that express. Because Plaintiff did not raise timeliness as to Rule 60(b)(4), Defendant Congo's reply did not address that issue.

## II. CONEY ISLAND CONFIRMS ONLY THAT RULE 60(c)(1)'S "REASONABLE TIME" REQUIREMENT APPLIES TO RULE 60(b)(4)

In *Coney Island Auto Parts Unlimited, Inc. v. Burton, Chapter 7 Trustee for Vista-Pro Automotive, LLC*, No. 24-808, 607 U.S. ___, slip op. at 2–3 (U.S. Jan. 20, 2026), the Supreme Court held that Federal Rule of Civil Procedure 60(c)(1)'s requirement that a "motion under Rule 60(b) must be made within a reasonable time" applies to motions seeking relief from allegedly void judgments under Rule 60(b)(4).

Coney Island did not address whether the alleged service defect there rendered the judgment void, and the Court expressly stated that it "express[ed] no view" on whether the allegedly defective service would render the judgment void. The Court also declined to expound on whether Coney Island's timing was reasonable.

Coney Island further emphasized that "Rule 60(d) preserves parties' ability to obtain relief from a judgment in limited ways other than through a Rule 60(b) motion". (*Id.* at 5 n.5.)

## III. EVEN APPLYING CONEY ISLAND, DEFENDANT CONGO'S RULE 60(b)(4) MOTION IS TIMELY

Defendant Congo moved to vacate the default judgment approximately five and one-half months after entry of the default judgment. The default judgment was entered on June 23, 2025 (ECF No. 27), and Defendant Congo moved to vacate the default judgment on December 5, 2025 (ECF No. 37). It is respectfully submitted that five and one-half months after entry of the default judgment was timely to move to vacate the default judgment and allow the case to proceed on the merits, rather than a judgment by default. The Supreme Court stated that "In the context of a default

judgment, it might be reasonable for a defendant not to seek relief before learning about a plaintiff's attempted enforcement. Pp. 3–5."

Eleventh Circuit courts assess reasonableness by considering, among other things, whether the nonmovant has been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner. (*BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008). It is respectfully submitted that Plaintiff did not suffer prejudice by the short delay and the case should be decided on the merits, not by default.

Courts routinely find Rule 60(b)(4) motions timely on similar or longer timelines. See, e.g., *Williams v. Miracle Mile Properties 2 LLC*, No. 20-cv-3127 (JS) (ARL), 2024 U.S. Dist. Lexis 110074, 2024 WL 3878826, at 4–5 (E.D.N.Y. June 21, 2024) (finding a Rule 60(b)(4) motion timely when filed nearly 15 months after judgment). In *Williams*, *Id.*, the Eleventh Circuit stated: "Although MLS and IYC waited approximately six and seven months, respectively, from the date of the second notice of dismissal to file their motions… We therefore reject BUC's challenge to the timeliness of the Rule 60(b) motions and proceed to the merits".

And in the FSIA context, where foreign-affairs implications counsel careful attention to service and jurisdictional objections, the procedural history in *Harrison v. Republic of Sudan* illustrates that a foreign sovereign may appear well after default judgment and still obtain full consideration of service and jurisdictional issues. See *Harrison v. Republic of Sudan*, 802 F.3d 399, 401–02 (2d Cir. 2015), rev'd on other grounds, 587 U.S. 1 (2019) (describing Sudan's appearance roughly 22 months after default judgment and after post-judgment execution steps).Akin to the instant case, in *Kumar v. Republic of Sudan*, 880 F.3d 144 (Fourth Cir. 2018)., the Fourth Circuit stated "We hold the district court lacked personal jurisdiction over Sudan. Accordingly, we reverse the district court's order denying Sudan's motion to vacate, vacate the

judgments, and remand with instructions…. We therefore reverse the district court's denial of Sudan's motion to vacate the entry of judgment, vacate the judgments against it, and remand to the district court with instructions to allow Kumar the opportunity to perfect service of process in a manner consistent with this opinion."

## CONCLUSION

It is respectfully submitted that Plaintiff's Notice of Supplemental Authority does not provide a basis to deny Defendant Congo's motion to vacate the default judgment[1].

Respectfully submitted,

Gary Rosen
Gary Rosen
Rosen Law LLC
500 Village Square Crossing, Suite 101
Palm Beach Gardens, Florida 33410
Tel.: (516) 437-3400 | (561) 899-9999
Email: grosen@rosenlawllc.com
*Counsel for Defendant*

Philip M. Musolino
Philip M. Musolino (pro hac vice pending)
D.C. Bar No.: 294652
Musolino & Dessel PLLC
1615 L Street, NW, Suite 440
Washington, DC 20036
Tel.: (202) 466-3883
Email: pmusolino@musolinoanddessel.com
*Counsel for Defendant*

---

[1] If the Court believes that Coney Island warrants any supplemental discussion beyond the parties' existing briefing, Defendant Congo respectfully requests leave to file a short supplemental memorandum addressing the application of Rule 60(c)(1)'s reasonable-time standard to the facts of this case should the Court request such additional discussion.

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February, 2026, I caused a true and correct copy of the foregoing to be served on all counsel of record via ECF.

<u>Gary Rosen</u>
Gary Rosen, Esq. - Florida Bar Number: 0190012
Rosen Law LLC
500 Village Square Crossing, Suite 101
Palm Beach Gardens, Florida 33410
Tel.: (561) 899-9999 | Fax: (516) 334-3000
Email: grosen@rosenlawllc.com
*Counsel for Defendant*